UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD E. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00291-JPH-DML |
| | ) | |
| FEDERAL HIGHWAY ADMINISTRATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Richard Parker alleges that Defendants did not comply with the National
Historic Preservation Act when they were planning a roadway development
project in the Downtown Historic District of Richmond, Indiana.  Dkt. 1-1.
Defendants, three government entities and a contractor, have filed motions to
have the case dismissed or remanded back to state court.  Dkts. [26], [28], [30],
[31].  For the reasons that follow, all claims are **DISMISSED**, and Mr. Parker
has until **December 5, 2022**, to file a motion for leave to file an amended
complaint.

**Facts and Background**

Because Defendants have moved for dismissal under Rule 12(b), the
Court accepts the facts in the complaint as true.  *See Scott Air Force Base
Props., LLC v. Cnty. of St. Clair, Ill.*, 548 F.3d 516, 519 (7th Cir. 2008).

A development project called "The Phase-2 Complete Streets Loop
Project" was scheduled to begin in the Downtown Historic District of Richmond
Indiana, in February 2022.  Dkt. 1-1 at 1–5, 13.  The primary goal of this

1

project is to construct a bike path, which will have the incidental effect of narrowing the road and sidewalk and removing trees along the sidewalk. *Id.* at 1–6, 10, 13–14. On July 12, 2022, the FHA issued its findings and determinations regarding the potential adverse effects of the project on the Downtown Historic District. *Id.* at 10–12.

Mr. Parker—a business owner in the District—alleges that the FHA's findings and determinations did not comply with Section 106 of the National Historic Preservation Act (NHPA). *Id.* at 2–4 ¶¶ 2–5. He also alleges that once construction on Phase 2 begins, the affected properties will suffer a "[d]ecrease in property value due to loss of mature trees" and that "if the 2nd phase of the loop project is completed . . . it will be the end of the rebirth of the district and [his] businesses." *Id.* at 5–6 ¶ 9.

Mr. Parker originally filed this case in Wayne County Superior Court naming the FHA, the City of Richmond, Indiana, the Indiana Department of Transportation, and Clark Dietz, Inc., as defendants. Dkt. 1; dkt. 1-1 at 1. The FHA removed the case to this Court under 28 U.S.C. § 1442. Dkt. 1. Defendants have filed motions to dismiss and/or remand all claims, arguing that the Court lacks subject matter jurisdiction and that the complaint fails to state a claim. Dkts. 26, 28, 30, 31.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss claims for lack of subject-matter jurisdiction. When faced with a 12(b)(1) motion, the plaintiff "bears the burden of establishing that the

jurisdictional requirements have been met." *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014).

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

For both 12(b)(1) and 12(b)(6) motions, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

### III.
### Analysis

Richmond and Clark Dietz argue that the Complaint must be dismissed because Mr. Parker lacks standing and the Complaint fails to state a claim. Dkt. 27 at 8–12; dkt. 29 at 3–5, 7–8. INDOT argues that because it has sovereign immunity, the Court lacks jurisdiction over any claim against it and the case must be remanded. Dkt. 30. The FHA argues that the Complaint must be dismissed because the Court lacks subject matter jurisdiction and the Complaint fails to state a claim. Dkt. 32.

Mr. Parker has not responded to any of Defendants' motions.  Generally, "a person waives an argument by failing to make it before the district court." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (citing cases). Waiver principles equally apply to represented and *pro se* parties.  *See, e.g.*, *Greenwell v. Saul*, 811 F. App'x 368, 370 (7th Cir. 2020) ("Because [the pro se Petitioner] does not develop arguments addressing the ALJ's reasoning, any challenges are waived."); *see also Andersen v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (noting courts cannot craft arguments and perform the necessary legal research for *pro se* litigants).  Still, *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers and can be dismissed . . . only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Henderson v. Sheahan*, 196 F.3d 839, 845–46 (7th Cir. 1999) (citations omitted).

With these principles in mind, the Court first addresses "threshold matter[s]" of jurisdiction.  *Bazile v. Fin. Sys. of Green Bay, Inc.* 983 F.3d 274, 277–78 (7th Cir. 2020).

**A. Standing**

"Standing has three elements.  A plaintiff must have (1) a concrete and particularized injury in fact (2) that is traceable to the defendant's conduct and (3) that can be redressed by judicial relief."  *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 937 (7th Cir. 2022) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).  "[E]ach element" of standing must be "supported in the

same way as any other matter on which the plaintiff bears the burden of proof."
*Lujan*, 504 U.S. at 561.

Richmond and Clark Dietz both argue that Mr. Parker lacks standing
because he has not alleged that he suffered a concrete and particularized
injury-in-fact.  Dkt. 27 at 8–10 (citing dkt. 1-1 at 5–6 ¶ 9); dkt. 29 at 4–5 (citing
dkt. 1-1 at 6 ¶ 10).  Clark Dietz also argues that to the extent Mr. Parker has
sufficiently alleged harm, it is not fairly traceable to Clark Dietz's conduct or
redressable by a favorable judicial ruling.  Dkt. 29 at 4–5.  These arguments
are facial challenges to Mr. Parker's standing so "the court does not look
beyond the allegations in the complaint, which are taken as true for purposes
of the motion."  *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440,
443 (7th Cir. 2009).

Considering the documents attached to the Complaint along with the
allegations therein, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Mr. Parker
has alleged he owns businesses that will suffer harm if he does not obtain the
relief he requests.  Specifically, Exhibit D states that Mr. Parker's businesses
have had lower sales from "Phase 1 of the project due to construction."  Dkt. 1-
1 at 26.  It further states Mr. Parker's belief that Phase 2 "will be the end of the
rebirth of the district and [his] businesses."  *Id.*  Thus, Mr. Parker has alleged a
concrete and particularized injury-in-fact.  *Cothron v. White Castle Sys., Inc.*,
20 F.4th 1156, 1160 (7th Cir. 2021) ("Concrete injuries encompass harms that
are 'real, and not abstract,'" such as "[t]angible harms like physical and

monetary injuries.").  The motions to dismiss for failure to allege injury-in-fact are **DENIED.**

Clark Dietz next argues that Mr. Parker "fails to articulate how [Clark Dietz] specifically injured him."  Dkt. 29 at 4–5.  Consequently, the harm alleged is not redressable by a judicial decision in Mr. Parker's favor.

The Complaint does not explain what role Clark Dietz allegedly played with respect to the project.  And the only exhibit attached to the Complaint that references Clark Dietz is a document with "emails to Clark Dietz" handwritten at the top that contains a summary of various citizens' concerns about the Project.  Dkt. 1-1 at 26.  It is not evident from this document how Clark Dietz is allegedly responsible for causing the harm that Mr. Parker claims to have suffered.  *See id.*

Liberally construed, the Complaint does not allege harm fairly traceable to Clark Dietz so Mr. Parker does not have standing to pursue a claim against it.  *Pierre*, 29 F.4th at 937.  Clark Dietz's motion to dismiss is **GRANTED** and the claim against it is **DISMISSED**.

### B. State Sovereign Immunity

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  *Council 31 of the Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 881 (7th Cir. 2012).  "[I]f properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities."  *Id.*  INDOT invokes this

6

"jurisdictional defense," *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 520 (7th Cir. 2021), in support of its argument that the claims against it must be remanded to state court.  Dkt. 30 at 2.

The Complaint does not allege that INDOT consented to being sued by Mr. Parker in federal court, *see* dkt. 1-1, so the claim against INDOT survives only if another exception to state sovereign immunity applies.  *See* dkt. 30 at 3– 4; *Council 31*, 680 F.3d at 882.  None do.  Section 106 of the NHPA, 54 U.S.C. § 306108, does not contain "unmistakably clear" language displaying an intention to abrogate states' immunity.  *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000).  And the *Ex parte Young* doctrine "has no application in suits against the States and their agencies," such as INDOT, "which are barred regardless of the relief sought."  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Because no exception to INDOT's jurisdictional defense of sovereign immunity applies, Mr. Parker's claim against INDOT cannot proceed.

The Court cannot, however, remand the case as INDOT requests.  28 U.S.C. § 1447(c) states, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "An ordinary reading of the language indicates that the statute refers to an instance in which a federal court 'lacks subject matter jurisdiction' over a 'case,' and not simply over one claim within a case."  *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998).  Therefore, the Court must either (1) remand the entire case or (2) dismiss claims over which the Court lacks subject

matter jurisdiction; a "partial remand" is not contemplated by the statute.  *See,*

*e.g.*, *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (AJN), 2021 WL

1180058, at *6 (S.D.N.Y. Mar. 29, 2021).  INDOT's motion is therefore

**GRANTED** to the extent that Mr. Parker's claim against INDOT is **DISMISSED**.

### C. Federal Sovereign Immunity

"[T]he United States, as sovereign, is immune from suit save as it

consents to be sued."  *United States v. Mitchell*, 445 U.S. 535, 538 (1980)

(quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  When the

United States and its agencies consent to suit under a particular statute, they

do so by "creat[ing] a right to sue" under the statute.  *Sokaogon Gaming Enter.*

*Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 660 (7th Cir. 1996).  The

FHA argues that federal sovereign immunity has not been waived here because

Section 106 of the NHPA does not create a private right of action.  Dkt. 32 at 6;

*see* 54 U.S.C. § 306108.  Dkt. 32 at 6–9.

Section 106 of the NHPA provides:

> The head of any Federal agency having direct or indirect
> jurisdiction over a proposed Federal or federally
> assisted undertaking . . . , prior to the approval of the
> expenditure of any Federal funds on the undertaking or
> prior to the issuance of any license, shall take into
> account the effect of the undertaking on any historic
> property.

54 U.S.C. § 306108.  The FHA cites multiple cases from other circuits holding

that Section 106 of NHPA does not create a private right of action.  Dkt. 32 at

7.

Mr. Parker did not respond to the FHA's motion to dismiss and has not otherwise cited authority finding that the NHPA creates a private right of action.  While the Seventh Circuit does not appear to have addressed this issue, the circuit cases cited by the FHA provide ample authority for the Court to grant its motion.   Moreover, the Seventh Circuit has analyzed other statutes that are devoid of any "rights-creating language" and has found no implied private right of action.  *See, e.g., Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 857–58 (7th Cir. 2017).  Because the FHA has not waived its sovereign immunity, its motion to dismiss is **GRANTED.**[1]

### D. Claim Against Richmond

Although the Court has dismissed the claim against the party that removed the case to federal court, the Court retains subject matter jurisdiction over the claim against Richmond under the NHPA because it arises under federal law.  *See* 28 U.S.C. § 1332.  Richmond argues that the claim against it should be dismissed under Rule 12(b)(6).  Dkt. 27 at 11–12.

The Court previously found that Section 106 of the NHPA does not create a private right of action.  *See, e.g., San Carlos Apache Tribe v. United States*, 417 F.3d 1091, 1099 (9th Cir. 2005).  Because "a cause of action does not

---

[1] The FHA has moved to dismiss Mr. Parker's claim under Rule 12(b)(1), arguing that this Court lacks jurisdiction over the claim because the FHA enjoys sovereign immunity.  Dkt. 32 at 6–9.  But federal "[s]overeign immunity is not a jurisdictional doctrine."  *Wisconsin Valley Improvement Co. v. United States*, 569 F.3d 331, 333 (7th Cir. 2009); *Martin v. United States*, 654 Fed. App'x 235, 238 (7th Cir. 2016).  So the FHA's motion to dismiss based on sovereign immunity is considered under Rule 12(b)(6).

exist," *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001), the City of Richmond's motion is **GRANTED**.

**IV.**
**Conclusion**

Richmond, Clark Dietz, Inc., and the FHA's motions are **GRANTED**, so all claims against them are dismissed.  Dkts. [26], [28], [31].  INDOT's motion, dkt. [30], is **GRANTED** in part and **DENIED** in part, as Mr. Parker's claims against it are dismissed, not remanded. But the dismissal of those claims does not lead to the dismissal of the case at this time.  Instead, Mr. Parker shall have **through December 5, 2022,** to file a motion to amend his complaint, should he so choose.  *See* Fed. R. Civ. P. 15(a)(2); S.D. Ind. L.R. 15-1.  If leave to amend is not sought or is denied, the Court will dismiss this case and enter final judgment without prejudice as to Clark Dietz and INDOT, *see White v. Illinois State Police*, 15 F.4th 801, 808 (7th Cir. 2021) (stating that jurisdictional dismissals are without prejudice), and with prejudice as to the FHA and Richmond, *see Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993) (noting that 12(b)(6) dismissals are presumed to be with prejudice).

**SO ORDERED.**

Date:  11/21/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RICHARD E. PARKER
923 North E. Street
Richmond, IN 47374

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov

Lydia Ann Golten
INDIANA ATTORNEY GENERAL
lydia.golten@atg.in.gov

Hannah Lehmann
Office of the Indiana Attorney General
Hannah.Lehmann@atg.in.gov

Nicholas Christo Nizamoff
DEFUR VORAN LLP (Fishers)
nnizamoff@defur.com

Andrew J. Sickmann
BOSTON BEVER KLINGE CROSS & CHIDESTER
ajsickmann@bbfcslaw.com